UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-CV-22016-ROSENBERG

RICARDO A. BALLESTEROS, *et al.*,

    Plaintiffs,

v.

RICHARD BROWN, *et al.*,

    Defendants.

_____/

### **ORDER GRANTING MOTION TO DISMISS AND CLOSING CASE**

This cause comes before the Court on Defendants Richard Brown ("Brown"), Wilfredo Ferrer ("Ferrer"), and the United States of America's Motion to Dismiss the Complaint. DE 19. The Court granted Plaintiff Ricardo Ballesteros ("Ballesteros") an extension of time to February 23, 2021, to respond to the Motion to Dismiss. DE 21. The Court has received no response to date. Under Rule 7.1(c) of the Local Rules for the Southern District of Florida, the failure to file a timely response is sufficient cause for granting the Motion to Dismiss by default. For that reason, as well as the other reasons given in this Order, the Motion to Dismiss is granted.

### I.     PLAINTIFFS' CLAIMS

In this action, *pro se* Plaintiffs Ballesteros and the Estate of Elena Garcia ("the Estate") sue Assistant United States Attorney Brown, former United States Attorney Ferrer, and the United States.[1] DE 1. Plaintiffs allege that Elena Garcia owned an apartment in Miami Beach, Florida. That apartment was the subject of a forfeiture proceeding before a different federal judge of this

---

[1] The Complaint does not identify a personal representative who may be pursuing this litigation on behalf of the Estate. The Complaint also is not signed by an attorney on behalf of the Estate. A non-lawyer may not proceed *pro se* on behalf of an estate. *See, e.g.*, *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012).

District and was forfeited to the United States.² Plaintiffs allege that Ballesteros is an heir of Elena Garcia, who passed away in 2015.

Plaintiffs raise three claims for relief. Count 1 is against Attorneys Brown and Ferrer for conspiring to deprive Plaintiffs of the apartment. Count 2 is against the United States for violation of due process. Count 3 is against the United States for treason. Plaintiffs seek the return of the apartment, sanctions against Attorneys Brown and Ferrer, and fees and costs.

## II.   LEGAL STANDARD

A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court ruling on a motion to dismiss accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff. *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017). "Under Rule 12(b)(6), dismissal is proper when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) (quotation marks omitted). A "complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *aff'd en banc*, 764 F.2d 1400 (11th Cir. 1985).

## III.   ANALYSIS

A "prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as an advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quotation marks

---

² The forfeiture proceeding is *United States of America v. Real Property known as 4401 Collins Ave., Unit 3315, Miami Beach, FL 33104*, Case No. 1:15-cv-20407 (S.D. Fla.). The Court takes judicial notice of the court records from that proceeding. *See* Fed. R. Evid. 201(b)(2) (permitting a court to take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

omitted). This immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (quotation marks omitted). Absolute immunity applies to prosecutors in both civil and criminal cases. *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010); *see also Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir. 1987) (stating that absolute immunity applies to both state and federal prosecutors). Plaintiffs sue Attorneys Brown and Ferrer for pursuing the forfeiture proceeding. *See* DE 1 at 2 (alleging that Attorneys Brown and Ferrer "conspired to deprive Ms. Garcia and her heirs of their property; abusing their power and using the positions they occupied"). Because Attorneys Brown and Ferrer enjoy absolute immunity for functioning as advocates of the United States in the forfeiture proceeding, Count 1 is dismissed.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity also bars claims brought against federal employees in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985). The United States has not waived sovereign immunity for due process violations. *See Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983). Due to the United States' sovereign immunity, Count 2 is dismissed.

Plaintiffs do not have the authority to initiate a prosecution for treason and do not have standing to sue for the prosecution of others. *See Smith v. Shook*, 237 F.3d 1322, 1324 (11th Cir. 2001) (stating that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" (quotation marks omitted)). Therefore, Count 3 is dismissed.

Finally, to the extent that Plaintiffs use this lawsuit as a vehicle to challenge the rulings and outcome of the forfeiture proceeding, this Court is not an appellate court and cannot grant appellate relief.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint [DE 19] is **GRANTED**. For the same reasons, the Court concludes that permitting Plaintiffs an opportunity to amend the Complaint would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that a plaintiff generally must be given at least one opportunity to amend a complaint before dismissal with prejudice when a more carefully drafted complaint might state a claim for relief, but need not be given such an opportunity when amendment would be futile). Therefore, the Complaint [DE 1] is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is instructed to **CLOSE THIS CASE**. All pending motions are **DENIED AS MOOT**, all hearings are **CANCELED,** and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 5th of March, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE